**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Albert Tito

   v.                                                                        Civil No. 18-cv-025-SM

State of New Hampshire[1]

**REPORT AND RECOMMENDATION**

    Before the court are plaintiff Albert Tito's motion for a preliminary injunction (Doc. No. 2), Tito's request for a preliminary injunction in Document No. 6, and Tito's motion (Doc. No. 9) for an expedited hearing and resolution of his request for preliminary injunctive relief.  Defendant Michael Zenk, New Hampshire State Prison ("NHSP") Warden, has objected to the request for a preliminary injunction, see Doc. No. 11, and has supplemented that objection by filing a notice regarding Tito's transfer to the Northern New Hampshire Correctional Facility ("NCF"), see Doc. No. 35, in which Zenk argues that the transfer moots the request for a preliminary injunction.  The

---

    [1]The court has construed the pleadings as intending to name the following defendants to Tito's claims: New Hampshire State Prison ("NHSP") Warden Michael Zenk; NHSP Sgt. Gary Lydick, NHSP Corrections Officer ("CO") Farradon Young, CO Geoffrey Boffitto, and CO Jason Caruso; Mental Health Provider Barry Zani; Director of Medical and Forensic Services Paula Mattis; Secure Housing Unit ("SHU") CO Salse, SHU CO T. Miller, and Close Custody Unit ("CCU") CO Bazile, whose first names are unknown; and an unnamed NHSP dental health provider.

requests for a preliminary injunction have been referred to the magistrate judge for issuance of a Report and Recommendation. See Feb. 2, 2018 Order; Jan. 9, 2018 Order.

## Discussion

### I. Standard Regarding Hearing

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'"  Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted).  The parties in this case have each filed briefs and documentary exhibits relating to plaintiff's motion for preliminary injunctive relief.  See, e.g., Plf.'s Jan. 9, 2018 Mot. for Prelim. Inj. (Doc. No. 2); Def. Zenk's Feb. 15, 2018 Obj. (Doc. No. 11); Plf.'s Feb. 22, 2018 Response to Def.'s Obj. (Doc. No. 18); Def. Zenk's Mar. 16, 2018 Notice of Supp. to Obj. (Doc. No. 25); Plf.'s Mar. 27, 2018 Response to Notice of Supp. to Obj. (Doc. No. 44).  The record before this court also includes video recordings of the November 9, 2017 incident at the NHSP, underlying plaintiff's claim that he was subjected to

excessive force in violation of his federal rights.

The parties in this case have had a fair opportunity to present relevant facts and arguments, and to counter the opponent's submissions at this point, in connection with the motion for a preliminary injunction. An additional opportunity to do so is provided by the objection period that will follow the issuance of this Report and Recommendation. Accordingly, plaintiff's request for a hearing (Doc. No. 9) is properly denied, as the court may properly rule on the preliminary injunction motion upon the record before it.

## II.  Standard for Preliminary Injunction

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). Irreparable harm is a factor that weighs heavily in the analysis. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely

to suffer irreparable harm before a decision on the merits can be rendered'" (citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

"A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).  Plaintiffs seeking preliminary relief must demonstrate "that irreparable injury is likely in the absence of an injunction."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (emphasis in original); see also Asoc. de Periodistas de P.R. v. Mueller, 680 F.3d 70, 84-85 (1st Cir. 2012) ("when the incident now lies in the past, there must be a 'real and immediate threat' of future legal violations rather than an abstract or conjectural one" (citation omitted)).

Tito's motion for a preliminary injunction, filed while Tito was an NHSP inmate, requested that the court direct the state to transfer him to a county jail or other correctional facility outside of New Hampshire.  Doc. No. 2, at 3.  Tito claimed that he was at risk of physical harm if he continued to litigate this action while incarcerated at the NHSP.  He

4

asserted in particular that he had been harassed and assaulted in the past by NHSP corrections officers, and that corrections officers consider themselves to be like a family to one another. Plaintiff further asserted that NHSP officers said that his complaints bring them negative attention and have threatened the jobs they need to support their families, and plaintiff alleged that NHSP Warden Zenk had been aware of his concerns but had not taken action to protect him.

Defendant Zenk argues that plaintiff's transfer to NCF has mooted plaintiff's motion for a preliminary injunction. The court concurs. Plaintiff is no longer subject to the conditions at the NHSP that he alleged violated his rights, and he is no longer within the care and custody of Warden Zenk or other NHSP staff who he alleged failed to protect him, caused him harm, or retaliated against him for exercising his rights.

Plaintiff has asserted that his request for a preliminary injunction is not moot. See Doc. No. 44. He points to the relationship between NCF Warden Michelle Edmark and NHSP Corrections Officer Edmark, who operated the control room camera on November 9, 2017, and he asserts that there are "numerous staff" officers at NCF who have worked at the NHSP. Id. at 2. He speculates, without evidentiary support, that a gang of NCF corrections officers and C.O. Edmark's influence on the NCF

Warden provide grounds for avoiding a finding of mootness. See id. at 3-4. He asserts that the allegedly unlawful disciplinary tickets he has received have made him ineligible for parole to his consecutive sentence at the earliest possible date, effectively extending his imprisonment for several months. See id. at 3.

Although Tito may prefer to serve the remainder of his sentence outside of the state prison system, his assertions regarding the likelihood of future irreparable harm relating to the claims that are in this case are all purely speculative. Nothing before this court suggests that any injury alleged by Tito here cannot be redressed by a damage award, as appropriate. Cf. Charlesbank, 370 F.3d at 162 ("Irreparable harm most often exists where a party has no adequate remedy at law.").

Accordingly, the district judge should deny both the motion for a preliminary injunction (Doc. No. 2) and the request for preliminary injunctive relief set forth in Document No. 6. The denial of plaintiff's requests for such relief should be without prejudice to plaintiff's ability to file a new motion for a preliminary injunction, in which he would need to show that all of the prerequisites to obtaining such relief are satisfied, in light of the present conditions of his incarceration at NCF.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge: (1) deny both the motion for a preliminary injunction (Doc. No. 2) and the request for such relief set forth in Document No. 6, based on the record before the court, without prejudice; and (2) deny, as moot, plaintiff's motion (Doc. No. 9) for a hearing and for expedited relief.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 16 , 2018

cc: Albert Tito, pro se
    Anthony Galdieri, Esq.