UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Albert Tito,
    Plaintiff

    v.                                   Case No. 18-cv-025-SM
                                          Opinion No. 2021 DNH 012

N.H. State Prison Warden,
Michael Zenk, et al.,
    Defendants


**O R D E R**

Albert Tito brings this action pursuant to 42 U.S.C. § 1983, seeking damages for injuries he claims to have sustained while he was an inmate at the New Hampshire State Prison ("NHSP"). Generally speaking, Tito claims that guards at the prison singled him out for harassment, abuse, and mistreatment. He also says that despite being aware of such mistreatment, the warden failed to take reasonable steps to protect him – all in violation of his First, Eighth, and Fourteenth Amendment rights.

Pending before the court is a motion for summary judgment submitted by the remaining defendants. For the reasons stated, the court will defer ruling on that motion and defendants are directed to supplement, failing which the motion will again be denied.

## Discussion

Defendants move for judgment as a matter of law on grounds that Tito failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). This is defendants' second effort. In denying their original motion for summary judgment, the court noted that an inmate's lack of administrative exhaustion is an affirmative defense as to which defendants bear the burden of proof. See Order Denying Summary Judgment (document no. 146) at 9. The court went on to observe the following:

> To establish their entitlement to summary judgment on their affirmative failure-to-exhaust defense, as to each of the claims that remain in this case, defendants have the initial burden of demonstrating, by reference to documents (as specified in Rule 56(c)), that Mr. Tito did not follow the steps required by PPD 1.16 with respect to each of his claims.
>
> * * *
>
> Nothing in Ms. Jepson's declaration, however, states that the records she authenticates represent the universe of pertinent grievance records in the DOC files relating to the November 9, 2017 incident. Nor does her declaration aver any facts relating to Mr. Tito's grievance efforts concerning any other claims at issue in the motion for summary judgment.
>
> Within the memorandum filed in support of defendants' motion for summary judgment, defendants include a "Statement of Undisputed Facts." In that section, defendants assert that, apart from the records filed as exhibits to their Motion for Summary Judgment, "[n]o other IRS or grievance forms exist within the 30 day period immediately following the November 9, 2017

> use of force incident." Defs.' Mem. of Law in Supp.
> of Mot. for Summ. J. (Doc. No. 135-1), at 6.  Neither
> Ms. Jepson's declaration, nor any other evidence or
> document before this court substantiates that
> assertion.

Id. at 10-11.  In light of those shortcomings, the court denied defendants' motion for summary judgment.  It did, however, grant them leave to refile that motion, with appropriate factual support.

Defendants have refiled their motion.  Yet, their second effort suffers from the same shortcomings as their first.  This time, defendants have supplemented their earlier filing by simply submitting all of Tito's administrative filings during the period of his incarceration at the NHSP – records that add up to more than twelve hundred (1,200) pages.  Accompanying that sizeable submission is the affidavit of Kevin Stevenson, Supervisor VI – Offender Records, who has testified that those are, indeed, "copies of all Inmate Request Slips and Grievances presented by Mr. Tito during the period May 4, 2017, through and including January 9, 2018."  Affidavit of Kevin R. Stevenson (document no. 148-2) at para. 4.

Absent from Mr. Stevenson's affidavit are critical statements - e.g., that he reviewed all of Tito's filings and

3

that he asserts, under oath, that Tito did not exhaust available administrative remedies as to any one or more (or all) of the ten remaining claims in the complaint. Counsel's unsworn argument to that effect in legal memoranda is not evidence. See, e.g., Defendants' Memorandum of Law (document no. 148-1) at 4 ("A review of Exhibit A-1 [i.e., roughly 1,200 pages of Tito's grievances] discloses that there are no Inmate Request Slips or Grievances pertaining to the remaining claims in this case.").[1]

The court understands that proving a negative – i.e., that an inmate failed to exhaust available administrative remedies – can be difficult. It is, however, achievable. Typically, in cases of this sort, defendants present an affidavit from the appropriate keeper-of-the-records, who testifies that he or she: (1) is familiar with each of the claims raised in the complaint; (2) has thoroughly reviewed all of the inmate's request slips, grievances, and appeals; and (3) has found no records revealing that the inmate fully exhausted available prison administrative remedies as to one or more identified claims in the complaint. An affidavit of that sort shifts the burden to the plaintiff and

---

[1] An unsupported and conclusory statement of that sort begs the question: "A review of those hundreds of documents by whom?" The court, it might be noted, does not perform document investigation tasks for parties or counsel. Rather, the court reviews specific documents that have been identified as relevant evidence.

imposes upon him or her the obligation to identify specific documents in the record refuting that failure-to-exhaust defense and demonstrating that he or she did, in fact, exhaust as to one or more asserted claims.

## Conclusion

If they seek judgment on failure-to-exhaust grounds, defendants bear the burden of demonstrating Tito did not fully exhaust one or more of the ten remaining claims in his complaint.  It is, however, plainly insufficient for defendants to simply submit more than a thousand pages of hand-written documents and suggest that, if the court were to undertake a careful review of those records, it would agree that Tito failed to administratively exhaust each of the ten remaining claims in his complaint.

Absent an affidavit that <u>clearly</u> and <u>specifically</u> supports the factual claims underpinning defendants' motion, defendants are not entitled to judgment as a matter of law.  Nevertheless, the court will defer ruling on defendants' motion and afford them another opportunity to supplement the motion, by affidavit or otherwise - as they deem appropriate - to produce admissible <u>evidence</u> showing that Tito has not exhausted his administrative remedies.  Defendants may file such supplementation on or before

**February 5, 2021,** failing which the motion will be denied. Should defendants supplement their motion, plaintiff may file a response on or before **March 5, 2021.**

    **SO ORDERED.**

                                            _____
                                            Steven J. McAuliffe
                                            United States District Judge

January 19, 2021

cc:  Albert Tito, pro se
     Anthony Galdieri, Esq.
     Samuel R. V. Garland, Esq.