UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Albert Tito,
    Plaintiff

    v.                                       Case No. 18-cv-025-SM
                                            Opinion No. 2021 DNH 045

N.H. State Prison Warden,
Michael Zenk, et al.,
    Defendants

**O R D E R**

Albert Tito brings this action pursuant to 42 U.S.C. § 1983, seeking damages for injuries he claims to have sustained while he was an inmate at the New Hampshire State Prison. Generally speaking, Tito asserts that guards at the prison singled him out for harassment, abuse, and mistreatment. He also says that despite being aware of such mistreatment, the warden failed to take reasonable steps to protect him – all in violation of his First, Eighth, and Fourteenth Amendment rights.

Pending before the court is defendants' motion for summary judgment on all remaining claims in Tito's complaint. For the reasons stated, that motion is granted.

**Discussion**

In her Amended Report and Recommendation (document no. 93), the Magistrate Judge liberally construed Tito's complaint, along with at least a dozen of Tito's "supplemental" filings, and identified more than 30 potential claims. At this juncture, ten of those claims remain: Claims 1(a-d); Claim 2(a), Claim 2(b); Claim 3; Claim 7; Claim 11(a); and Claim 11(b). As to each of those remaining claims, defendants move for judgment as a matter of law on grounds that Tito failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

In support of that motion, defendants have submitted the affidavit of Kevin R. Stevenson, Supervisor of Offender Records at the Department of Corrections (document no. 148-2). Attached to Mr. Stevenson's affidavit are copies of all Inmate Request Slips and Grievances submitted by Tito during the eight month period between the start of his incarceration the date on which he filed his complaint in this action – records that span roughly twelve hundred (1,200) pages. Tito does not dispute the accuracy of that filing, nor does he meaningfully contest that it contains all of his requests and grievances for that period. See generally Objection to Motion for Summary Judgment (document no. 150). See also Response/Objection (document no. 158).

Defendants have also submitted the affidavit of Kathryn Amar, Investigative Paralegal in the New Hampshire Department of Justice. Ms. Amar testifies that:

(a) she is aware of, and familiar with, each of Tito's ten remaining claims in this case;

(b) she is familiar with the three-step inmate grievance process that was in place at all times relevant to Tito's claims – that is, the N.H. Department of Corrections Policy and Procedure Directive 1.16 ("PPD 1.16") (a copy of which has been filed with the court as document no. 135-3);

(c) she has reviewed each of Tito's inmate request slips and grievances that are attached to the Stevenson affidavit; and

(d) she was unable to find documentary evidence that Tito complied with the mandatory three-step grievance process as to <u>any</u> of his ten remaining claims.

See Affidavit of Kathryn L. Amar (document no. 155). Based upon her knowledge of the governing prison regulations, her familiarity with Tito's claims, and her review of all of Tito's administrative filings, Ms. Amar concluded:

> In sum, after having thoroughly reviewed all of the plaintiff's inmate request slips and grievances from May 4, 2017 (the date on which the plaintiff's incarceration began in 2017) to January 9, 2018 (the latest possible date this lawsuit could be deemed filed with the Court), I found no records showing that the plaintiff properly and fully exhausted his available prison administrative remedies with respect

3

>     to Claims 1(a-d), 2(a), 2(b), 3, 7, 11(a) and 11(b),
>     in accordance with PPD 1.16.

Id. at para. 20.

In his unsworn response, Tito suggests that he should be excused from the exhaustion requirements of the PLRA and PPD 1.16 because compliance would have required him to file grievances with the very officers against whom he was complaining. See Response/Objection to Summary judgment (document no. 158) at para 4. See also Id. at paras. 6-7. But, as defendants point out, the PPD contemplates precisely that situation and provides a means by which an inmate may readily obtain a waiver. See Defendants' Response (document no. 151) at 2 (citing PPD 1.16, IV(A)(4)). Tito never sought such a waiver.

Additionally, Tito claims that he "already established early in his case that request slips and grievances were being thrown out and that internal staffing was not going to do anything other than terrorize me more." Response/Objection at para. 5. While that may be Tito's belief, it has not been "established." Indeed, he has not pointed to any evidence supportive of his suggestion that some of his requests slips and/or grievances have been removed from the record.

4

Finally, Tito "requests proof that Kathryn Amar was specifically assigned to this case at its start, or if she is just a general employee of the attorney general." Id. at para. 8. Plainly, that "request" is not material, nor does it undermine the evidence of record supportive of defendants' motion for summary judgment.

## Conclusion

Defendants' move for summary judgment on all ten of plaintiff's remaining claims, on grounds that he failed to fully and properly exhaust available prison administrative remedies, as required by the PLRA and N.H. DOC PPD 1.16. In support of that motion, defendants have submitted affidavits which, taken together, reveal that Tito did not properly and fully exhaust any of those remaining claims. In response, Tito has failed to identify any evidence in the record (nor has he pointed to new evidence) that undermines defendants' position. There are, then, no genuinely disputed material facts and defendants have demonstrated their entitlement to judgment as a matter of law.

Defendants' motion for summary judgment as to all of plaintiff's remaining claims (**document no. 148**) is, therefore, granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 1, 2021

cc: Albert Tito, pro se
 Anthony Galdieri, Esq.
 Samuel R. V. Garland, Esq.